IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>UPLIFT RX, LLC[1]<br><br>    Debtor(s). | CASE NO.: 17-32186, et seq.<br><br>CHAPTER 11<br><br>Jointly Administered |
| RONALD L. GLASS, CHAPTER 11 TRUSTEE FOR THE DEBTORS,<br><br>    Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | ADV. PROC. NO. |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Ronald L. Glass ("Trustee"), in his capacity as Chapter 11 trustee of the above-captioned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, as applicable, are: Uplift Rx, LLC (9306); Belle Pharmacy, LLC (0143); Alliance Medical Holdings, LLC (5945); Geneva Pharmacy, LLC (1929); Ohana Rx, LLC (1722); Benson Pharmacy, Inc. (6606); Kendall Pharmacy, Inc. (0825); Richardson Pharmacy, LLC (9566); Innovative Rx, LLC (9986); Charleston Rx, LLC (5852); On Track Rx, LLC (9021); Uinta Rx, LLC (7157); Goodman Pharmacy, LLC (9373); BrooksideRx, LLC (5927); Osceola Clinic Pharmacy, LLC (4886); Oak Creek Rx, LLC (9722); Waverly Pharmacy, LLC (7342); Newton Rx, LLC (9510); Lone Peak Rx, LLC (5973); Improve Rx, LLC (9120); New Jersey Rx, LLC (0035); Berkshire Pharmacy, LLC (9197); Health Saver Rx, LLC (7810); Best Rx, LLC (0346); Delaney Pharmacy, LLC (7497); New Life Pharmacy, LLC (8292); Skyline Health Services, LLC (6876); Stonybrook Pharmacy, LLC (7700); Woodward Drugs, LLC (2385); Bridgestone Pharmacy, LLC (5294); Brookhill Pharmacy, LLC (5296); Burbank Pharmacy, LLC (5227); Canyons Pharmacy, LLC (1744); Cheshire Pharmacy, LLC (6370); Conoly Pharmacy, LLC (0367); Cottonwood Pharmacy, LLC (5131); Galena Pharmacy, LLC (0672); Garnett Pharmacy, LLC (6505); Hawthorne Pharmacy, LLC (5345); Hazelwood Pharmacy, LLC (1088); Medina Pharmacy, LLC (8987); Raven Pharmacy, LLC (5671); Glendale Square Rx, Inc. (1022); Lockeford Rx, Inc. (1853); Pinnacle Pharmacy Solutions, LLC (9760); Riverfront Rx, LLC (7152); Riverbend Prescription Services, LLC (1862); Raven Pharmacy Holdings, LLC (2464); Bridgestone Pharmacy Holdings, LLC (2840); Crestwell Pharmacy Holdings, LLC (1503); Galena Pharmacy Holdings, LLC (8609); Geneva Rx Holdings, LLC (8247); Hawthorne Rx Holdings, LLC (9531); Woodward Rx Holdings, LLC (2173); Philadelphia Pharmacy Holdings, LLC (8526); Health Rx Holdings, LLC (0909); Canyon Medical, LLC (4915); Alliance Medical Administration, Inc. (2899); Ollin Pharmaceutical, LLC (9815); Alta Distributors, LLC (7407); Eat Great Café, LLC (2314); Alliance Health Networks, LLC (1815). The Debtors' mailing address is Uplift Rx, LLC, 15462 FM 529, Houston, TX 77095.

Chapter 11 debtors (collectively, the "Debtors"), files this complaint (the "Complaint") on behalf of the estate of the Debtor Alliance Medical Administration, Inc. and Alliance Health Networks, LLC (collectively, the "Plaintiff Debtor") to (i) avoid and recover preferential transfers made by the Plaintiff Debtor to or for the benefit of MICROSOFT CORPORATION ("Defendant") pursuant to sections 547 and 550 of title 11 of the United States Code ("Bankruptcy Code"), and (ii) disallow Defendant's claims against the Plaintiff Debtor in the above-captioned bankruptcy cases pursuant to 11 U.S.C. §502 unless and until the Defendant has paid the avoided amount or turned over any recoverable property, and in support thereof, respectfully represents as follows:

## NATURE OF THE PROCEEDING

1. The Trustee seeks entry of a judgment against Defendant: (i) avoiding the 90 Day Transfers (as defined herein) pursuant to Section 547 of the Bankruptcy Code; (ii) directing Defendant to pay the Trustee an amount to be determined at trial that is not less than the amount of the Transfers (as defined herein), plus interest and costs, pursuant to Section 550(a) of the Bankruptcy Code; and (iii) pending such payment, disallowing any claim of Defendant against the applicable Plaintiff Debtor pursuant to Section 502(d) of the Bankruptcy Code.

## THE PARTIES, JURISDICTION AND VENUE

2. The Trustee is the duly appointed and acting Chapter 11 Trustee of the estates of the Debtors.

3. The Defendant is a United States domestic business entity that provided goods and served to or for the benefit of certain of the Debtors prior to the filing on their bankruptcy petitions.

4. This adversary proceeding relates to the Chapter 11 cases of Uplift Rx, LLC and its debtor affiliates, which cases are pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), and are being jointly administered

under Case No. 17-32186 (collectively, the "Bankruptcy Cases").

5. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334(b).

6. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (F), (H) and (O).

7. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

8. The Trustee consents to entry of final orders and judgments by the Court in this adversary proceeding, regardless of whether it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

9. On April 7-9, 2017 (the "Petition Dates"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On April 10, 2017, the Court entered an order directing the joint administration of the above-captioned cases (Doc. No. 4).

10. On April 18, 2017, the Court entered an order requiring the appointment of a Chapter 11 trustee in the Bankruptcy Cases (Doc. No. 37). Thereafter, the Office of the United States Trustee appointed Ronald L. Glass to serve as Chapter 11 Trustee, and the Court entered an order approving Mr. Glass's appointment (Doc. No. 307).

11. This adversary proceeding is part of the Trustee's continuing obligation to recover assets for the benefit of the Debtors' respective bankruptcy estates.

## FACTUAL BACKGROUND

12. Prior to the filing of the above-captioned bankruptcy cases, the Debtors owned and operated a network of pharmacies across the United States that specialized in providing prescriptions to patients with chronic health conditions, including diabetes (the "Alliance Health Network"). Within the Alliance Healthcare Network, certain entities provided marketing, accounting, administration, or distribution services (the "Corporate Debtors"). The remainder of the Debtors either owned and operated or managed pharmacies within the Alliance Healthcare Network (the "Pharmacy Debtors").

13. Within the Alliance Healthcare Network, customer leads were generated by the Corporate Debtors and provided to the appropriate Pharmacy Debtors. As the Pharmacy Debtors collected revenue, cash was sent up to the Corporate Debtors and pooled together. From there the Corporate Debtors would directly pay certain expenses of the Pharmacy Debtors and/or would send money back down to the appropriate Pharmacy Debtors to pay other expenses.

14. The Debtors generally did not account for obligations amongst themselves or keep any type of ledger showing "due to and due from" among any of the Debtors. Because of the Debtors' business model, new pharmacies were constantly being formed and/or acquired to keep up with the customer leads generated by the Corporate Debtors.

15. The Trustee, the Debtors, and the estates' professionals have conducted an investigation of the Debtors' books and records and related financial documents for the purposes of determining what claims or causes of action are available to the Plaintiff Debtor.

16. The Debtors' books and records reflect that during the ninety (90) day period preceding before Plaintiff Debtor's petition date (the "Petition Date"), Plaintiff Debtor transferred money to Defendant, which transfers are identified on **Exhibit A** attached hereto and incorporated herein by reference (collectively, the "90 Day Transfers").

17. All conditions precedent to the filing of this action have occurred, been performed, or waived.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preferential Transfers from Plaintiff Debtor to Defendant Pursuant to 11 U.S.C. §547(b))

18. The Trustee repeats and realleges all allegations contained in paragraph 1 through 17 above as if fully set forth herein.

19. During the Preference Period, Plaintiff Debtor made, or caused to be made, transfers of an interest of Plaintiff Debtor in property to, or for the benefit of, Defendant, which transfers are listed on Exhibit A and incorporated herein by reference (the "Preference Payments").

20. Defendant was a creditor of Plaintiff Debtor at the time of each Preference Payment by virtue of supplying goods or services for which Plaintiff Debtor was obligated to pay.

21. Plaintiff Debtor made, or caused to be made, the Preference Payments for, or on account of, antecedent debt owed by Plaintiff Debtor to Defendant before such Plaintiff Debtor Payments were made.

22. At the time of each Preference Payment, Plaintiff Debtor was insolvent.

23. The Trustee is entitled to the presumption of insolvency for each Plaintiff Debtor Payment pursuant to Section 547(f) of the Bankruptcy Code.

24. The Preference Payments enabled Defendant to receive more than Defendant would receive if: (a) Plaintiff Debtor's bankruptcy case was administered under chapter 7 of the Bankruptcy Code; (b) the Preference Payments had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

25. At no time relevant hereto did Defendant maintain a lien on Plaintiff Debtor's assets

or otherwise hold a secured interest.

26. The Preference Payments diminished the value of Plaintiff Debtor's bankruptcy estate.

27. Defendant was the initial transferee of the Preference Payments, or the entity for whose benefit the Preference Payments were made.

28. Each of the Preference Payments are avoidable and Plaintiff Debtor is entitled to an order and judgment against the Defendant avoiding each Preference Payment under 11 U.S.C. §547(b).

## COUNT II
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550(a))

29. The Trustee repeats and realleges all allegations contained in paragraph 1 through 28 above as if fully set forth herein.

30. The Trustee is entitled to avoid the Transfers pursuant to Sections 547 of the Bankruptcy Code.

31. Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

32. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover from Defendant an amount to be determined at trial that is no less than the total amount of the Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III
### (Disallowance of Defendant's Claims Pursuant to 11 U.S.C. §502(d))

33. The Trustee repeats and realleges all allegations contained in paragraph 1 through 32 above as if fully set forth herein.

34. To the extent Defendant has filed a proof of claim or has a claim listed on one of the Plaintiff Debtor' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from any of the Plaintiff Debtor' estates, it is a creditor of the estates (collectively, the "Claims")

35. Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

36. Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

37. Defendant has not paid the Trustee the amount of the Transfers, or turned over such property to the Trustee, for which Defendant is liable under Section 550 of the Bankruptcy Code.

38. Pursuant to Section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the applicable Plaintiff Debtor' estate, must be disallowed until such time as Defendant pays to the Trustee all amounts sought herein.

## RESERVATION OF RIGHTS

39. The Trustee reserves the right to bring all other claims or causes of action that the Trustee may have against Defendant, on any and all grounds, as allowed under the Bankruptcy Code, or applicable law, or in equity.

40. This Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's rights to object to Defendant's Claims for any reason, including Section 502 of the Bankruptcy Code, and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief under Section 502 of the Bankruptcy Code is sought herein by the Trustee as set forth herein.

41. The Trustee reserves the right to amend this Complaint as new information

becomes known to the Trustee at any time during the adversary proceeding, through formal discovery or otherwise, to include such information and/or assertions with respect to the Transfers to the Defendant; revise Defendant's name; add additional defendants; and/or additional causes of action including, but not limited to, those pursuant to 11 U.S.C. §§ 542, 544, 547, and 550, (collectively, the "Amendments"), and that any and all such Amendments relate back to the date of this Complaint.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against Defendant:

(a) Avoiding and recovering the 90 Day Transfers pursuant to 11 U.S.C. §§ 547 and 550;

(b) Granting judgment in favor of the Trustee and directing Defendant to pay the Trustee an amount to be determined at trial that is no less than the amount of the Transfers, plus interest and costs, pursuant to 11 U.S.C. § 550;

(c) Disallowing Defendant's Claims against either of the Plaintiff Debtor pursuant to 11 U.S.C. § 502(d);

(d) Awarding pre-judgment and post-judgment interest at the maximum legal rate; and

(e) Granting any other and further relief that is appropriate under the circumstances.

Respectfully submitted this 2nd day of April, 2019.

> CIMO MAZER MARK PLLC
> *Special Litigation Counsel for the Trustee*
> 100 S.E. 2nd Street, Suite 3650
> Miami, FL 33131
> Tel: (305) 374-6482
> Fax: (305) 374-6488
>
> By: /s/ David C. Cimo
>     David C. Cimo, Esq.
>     Fla. Bar No. 775400
>     Email: dcimo@cmmlawgroup.com
>     Admitted *pro hac vice*
>     Marilee A. Mark, Esq.
>     Fla. Bar No. 725961
>     Email: mmark@cmmlawgroup.com
>     Admitted *pro hac vice*

# Exhibit A

**Uplift Rx, LLC et. al. ("Debtors")**
**Case No.: 17-32186-MI**
**Preference Analysis**
**Transfers to Microsoft Corporation**

| Payor | Date | Payment No. | Bank Account | Payment |
|---|---|---|---|---|
| Alliance Health Networks | 03/01/17 | PY00018155 | xx8828 | $ 204,333.42 |
| Alliance Medical Administration | 03/27/17 | PY00018725 | xx9016 | 204,333.42 |
| **Total** | | | | **$ 408,666.84** |